Filed 1/13/23 P. v. Soto CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER SOTO,<br><br>Defendant and Appellant. | F084486<br><br>(Super. Ct. No. F13901747)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Gregory T. Fain, Judge.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Smith, J. and Meehan, J.

# INTRODUCTION

Petitioner Alexander Soto appeals the trial court's denial of his petition for relief under Penal Code section 1172.6, formerly section 1170.95.[1]  Appointed counsel for petitioner asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Petitioner was advised of his right to file a supplemental brief within 30 days of the date of the filing of the opening brief.  Petitioner filed a supplemental brief arguing, among other things, his conviction for second degree murder was based on the natural and probable consequences doctrine, and he has made a prima facie case for relief under section 1172.6.  Having independently reviewed the record for potential error and considering petitioner's personal supplemental brief in support of his appeal, we affirm the trial court's denial of the petition for relief under section 1172.6.

## FACTUAL SUMMARY[2]

Petitioner was charged with second degree murder stemming from his February 2013 evasion of police while in his vehicle.  The high-speed chase resulted in petitioner running a red light, crashing into another vehicle, and causing the death of that vehicle's driver.  Petitioner was first observed by officers near a vehicle while peering into a gas station's window.  Suspicious of his behavior, the officers shone their vehicle spotlight on him, and petitioner immediately jumped into the vehicle and exited the gas station.  Officers engaged the lights on their patrol vehicle, but petitioner refused to stop and instead began speeding away from officers, running multiple red lights.  Petitioner sped through residential neighborhoods, failing to stop at stop signs, and drove at speeds of

---

[1]     Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For simplicity, we refer to the section by its new numbering.  All further statutory references are to the Penal Code unless indicated otherwise.

[2]     We take judicial notice of this court's prior nonpublished opinion in *People v. Soto* (Nov. 25, 2019, F075651 [nonpub. opn.]) (*Soto I*), from which the facts are drawn.

70 to 80 miles per hour, swerving into opposing lanes of traffic. He failed to yield for pedestrians in a crosswalk, ignored stop signs and red lights. At the end of the chase, petitioner's vehicle barreled into an intersection at over 80 miles per hour and collided with a vehicle in cross traffic. The driver of the vehicle with whom petitioner collided was rushed to the hospital but died of his injuries eight days later. The jury was presented with evidence petitioner had been involved in two prior high-speed police chases in 2005 and 2012 while attempting to evade a peace officer.

As it pertained to the motorist's death and the second degree murder charge, the jury was instructed on implied malice, and the prosecutor asserted in closing argument that petitioner could be found guilty if the jury found he acted with implied malice regardless of whether he intended the other motorist to die. The jury was not instructed on any other theory of criminal liability for the second degree murder charge, and the prosecutor argued for conviction solely on the basis of implied malice. The jury convicted petitioner on the second degree murder charge.

Petitioner was also charged with and convicted of assault upon a peace officer (with a vehicle) that occurred during the 2013 pursuit (§ 245, subd. (c)); and evading the police in a vehicle on a separate occasion in 2012 (Veh. Code, § 2800.2, subd. (a)). Petitioner was found not guilty of transporting a controlled substance for sale. Petitioner was sentenced to a total determinate term of six years eight months followed by an indeterminate term of 15 years to life. The judgment was affirmed on direct appeal with the exception of a one-year prior prison term enhancement under section 667.5, subdivision (b), which was stricken pursuant to Senate Bill No. 136 (2019–2020 Reg. Sess.).

On April 13, 2022, defendant, in pro. per., filed a petition for resentencing under section 1172.6. He was appointed counsel upon request, and the parties were given an opportunity to file briefs. The matter was set for a hearing which occurred on June 10, 2022.

3.

At the hearing, the trial court concluded petitioner had failed to make a prima facie showing that he was entitled to relief. The trial court found the record established petitioner was the actual killer, he was prosecuted under the implied malice theory of second degree murder, and he was unable to show, as a matter of law, that he was entitled to any relief under section 1172.6.

Upon appeal from the denial of the section 1172.6 petition, appointed counsel filed a brief under the authority of *Wende, supra*, 25 Cal.3d 436, setting forth a statement of the case, a summary of the facts, and requested the court undertake review of the record on appeal and items from the record in petitioner's direct appeal, *Soto I* (Nov. 25, 2019, F075651 [nonpub. opn.]), of which this court has already taken judicial notice.[3] Counsel's brief was served on defendant. Upon our invitation, petitioner filed a personal supplemental brief.

## DISCUSSION

The procedures set out in *Wende* do not apply to an appeal from a denial of relief under section 1172.6. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 222 (*Delgadillo*).) However, "[w]hen appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.] [¶] If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The

---

[3]     At petitioner's request, we took judicial notice of the following items contained in the record of petitioner's direct appeal, *Soto I*, case No. F075651: (1) consolidated information filed on March 7, 2012; jury instructions given at trial; (2) reporter's transcript of closing arguments; and (3) all verdicts returned by jury at trial.

filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at pp. 231–232.) However, "the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Id.* at p. 232.)

The appellate review procedures employed here conform to those required under *Delgadillo.* Petitioner was served with counsel's brief indicating no arguable issues were identified for appeal, this court issued a letter inviting petitioner to file his own personal letter or brief and petitioner did so.[4] In addition to considering the issues raised in defendant's personal brief, we have conducted an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## I.  Background:  Senate Bill No. 1437[5] and Section 1170.95

Senate Bill 1437, enacted in 2018, amended sections 188 and 189 and added former section 1170.95, now section 1172.6, to the Penal Code. (Stats. 2018, ch. 1015, §§ 2–4; Stats. 2022, ch. 58, § 10.) These changes "'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § l, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

"Among other things, Senate Bill 1437 modified the requirement of malice aforethought for purposes of murder. Now, except for felony murder, 'in order to be convicted of murder, a principal in a crime *shall act with malice aforethought.* Malice

---

[4]     This court's notice to petitioner did not inform him the appeal could be dismissed if he did not file a personal brief. However, since petitioner filed his own personal brief, which we now evaluate and address on its merits, the lack of notice of potential dismissal had no effect on the disposition of the appeal and caused no harm to petitioner.

[5]     Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437 or Sen. Bill 1437).

shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3), italics added.)" (*Gentile, supra*, 10 Cal.5th at p. 846.) "The most natural meaning of this provision … bars a conviction for first or second degree murder under a natural and probable consequences theory." (*Ibid.*)

As for felony murder, Senate Bill 1437 amended section 189 to state that a participant in the perpetration or attempted perpetration of specific enumerated felonies may only be liable for murder if one of the following is proven: (1) the person was the actual killer; (2) the person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life as defined in section 190.2, subdivision (d). (§ 189, subd. (e).)

Section 1172.6 establishes a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law to sections 188 and 189. (Stats. 2018, ch. 1015, § 4.) First, "an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ [1172.6], subd. (a)(1)–(3); see also § [1172.6], subd. (b)(1)(A).) Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ [1172.6], subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of

6.

another petition.' (§ [1172.6], subd. (b)(2).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

If the petition complies with these requirements, the petitioner must be appointed counsel, if requested. The prosecutor must file a response and the petitioner may file a reply. The trial court must then review the petition to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); *Lewis, supra*, 11 Cal.5th at pp. 961–963.) In making this determination, the court may rely on the record of conviction. (*Lewis, supra*, at pp. 970–971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at p. 972.)

If the court determines the petitioner has made a prima facie showing, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ [1172.6], subds. (c), (d)(1); *Lewis, supra*, 11 Cal.5th at p. 960.) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ [1172.6], subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile, supra*, 10 Cal.5th at p. 853.)

## II.    Analysis

After petitioner filed his petition for relief under section 1172.6, the trial court appointed him counsel. After an opportunity for briefing, a hearing was held and the trial court explained that petitioner was ineligible for relief under section 1172.6 as a matter of law; the court denied the motion, finding petitioner had failed to establish a prima facie entitlement. We find no error with the trial court's conclusion or any other arguable error in the record.

Petitioner was the sole perpetrator who directly committed the acts that led to the death of another motorist while petitioner was engaged in evading police in a high-speed vehicle pursuit. Petitioner was convicted of the second degree murder of that motorist based on implied malice. A conviction for murder requires the commission of an act that causes death "done with the mental state of malice aforethought (malice)." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.) "Malice may be either express or implied. [Citation.] … Malice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses. [Citation.] … [¶] The law recognizes two degrees of murder.… A person who kills unlawfully with implied malice is guilty of second degree murder." (*Ibid.*)

This is distinct from the natural and probable consequences doctrine addressed under Senate Bill 1437. "'[U]nder the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended crime, but also "for any other offense that was a 'natural and probable consequence' of the crime aided and abetted."'" (*People v. Chiu* (2014) 59 Cal.4th 155, 158, superseded by Sen. Bill 1437 as recognized in *Lewis, supra*, 11 Cal.5th at p. 959, fn. 3.) Petitioner was not an aider and abettor; he was the direct perpetrator of the crime that caused the death of another motorist, and he was charged with second degree murder based on implied malice, not under a natural and probable consequences theory. (*People v. Roldan* (2020) 56 Cal.App.5th 997, 1004, abrogated on another ground by *Lewis, supra*, at p. 962 [explaining second degree implied malice murder under *People v. Watson* (1981) 30 Cal.3d 290 is distinct from the natural and probable consequences doctrine, and survives the passage of Sen. Bill 1437]; *Delgadillo, supra*, 14 Cal.5th at p. 233 [no entitlement to relief under § 1172.6 where Delgadillo was the actual killer and only participant in the killing arising from a traffic accident and prosecuted as second degree murder under an actual implied malice theory and as gross vehicular manslaughter while intoxicated].)

8.

The natural and probable consequences doctrine of aiding and abetting and the definition of implied malice are sometimes confused because both contain identical language regarding a "'natural consequence,'" but they are "distinctly different concepts." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056–1057, abrogated on another ground by *Lewis, supra*, 11 Cal.5th at p. 962.) Although petitioner points to the fact the jury was instructed regarding implied malice in this case under CALCRIM No. 520, which uses the phrase "natural and probable consequences of the act" in defining implied malice, that phrasing is a legally distinct concept from the natural and probable consequences doctrine. Implied malice murder remains a valid theory of second degree murder notwithstanding Senate Bill 1437 and despite petitioner's arguments to the contrary. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 232, abrogated on another ground by *Lewis, supra*, at p. 962.)

Petitioner also maintains that because he was convicted of felony evading police, he was prosecuted under a theory of felony murder similar to *People v. DeHuff* (2021) 63 Cal.App.5th 428, 432, abrogated on another ground by *Lewis, supra*, 11 Cal.5th at p. 962). In that case, the defendant tried to evade police while driving a vehicle. (*DeHuff, supra*, at pp. 431–432.) During the pursuit, the defendant crashed into another vehicle, causing the driver of that vehicle to die. (*Id.* at p. 432.) The defendant was charged with murder and the jury was instructed on two theories of murder: second degree implied malice murder and second degree felony murder based on the offense of evading an officer while driving under Vehicle Code section 2800.2. (*DeHuff, supra*, at p. 432.) The appellate court concluded that because the jury was instructed on the second theory of felony murder and may have convicted the defendant under that theory, the defendant was not precluded from relief under section 1172.6 as a matter of law; the trial court was required to issue an order to show cause and hold an evidentiary hearing. (*DeHuff, supra*, at p. 442.) Unlike in *DeHuff*, petitioner was convicted under Vehicle Code section 2800.2 based on his evasion of police in 2012. As for the murder charge

9.

resulting from the 2013 evasion of police, the jury was instructed *only* on second degree implied malice murder and *not* any theory of felony murder. Unlike *DeHuff*, there is no question under which theory of murder petitioner was convicted.

Here, petitioner was the sole perpetrator of the killing; he was not prosecuted under the natural and probable consequences doctrine or under the felony murder rule, nor was the jury instructed on either of these theories. Petitioner was necessarily convicted of second degree murder based on implied malice. Petitioner is therefore ineligible for relief under section 1172.6 as a matter of law. The trial court did not err in denying the petitioner's request for relief under section 1172.6.

**DISPOSITION**

The trial court's judgment is affirmed.